UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY P. DAMM (#457183)

VERSUS

KATHLEEN B. BLANCO, ET AL

CIVIL ACTION

NO. 07-339-JVP-DLD

## RULING

This matter is before the court on plaintiff's failure to comply with the court's order directing him to pay the full amount of the court's filing fee (doc. 6). On February 7, 2008, United States Magistrate Judge Docia L. Dalby recommended that the action be dismissed, without prejudice, for plaintiff's failure to pay the fee (doc. 8). The court has reviewed the record and the law applicable to this case and, for the reasons that follow, hereby approves the Report and Recommendation and adopts it as the court's opinion herein.

In the report, the Magistrate Judge based her conclusion on the application of 28 U.S.C. § 1915(g) to plaintiff's history of litigation in the federal courts. Section 1915(g) denies pauper status where the inmate has filed, on at least three prior occasions, "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Magistrate Judge determined that on three or more prior occasions,

1

while incarcerated, plaintiff brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim. One of the actions relied upon was *Gregory Damm v. Joseph Koval, et al*, Civil Action No. 07-3129 (C.D.Ill.), where the district court dismissed plaintiff's claims for failure to state a claim upon which relief may be granted, and counted such dismissal as a "strike" pursuant to 28 U.S.C. § 1915(g). The district judge added that should plaintiff choose to appeal the dismissal and if the appeal is found to be non-meritorious, plaintiff may accumulate another Section 1915(g) "strike." Though the district court judge could not have known it at the time, his dismissal would prove to be the third and final "strike" for plaintiff.

Plaintiff did appeal the dismissal. And, on November 23, 2007, his appeal was dismissed by the Seventh Circuit Court of Appeals for failure to pay the required docketing fee. The Seventh Circuit neither affirmed the district court's dismissal nor dismissed the appeal as "non-meritorious" or frivolous.[1] Consequently, the Court of Appeals' dismissal did not constitute a "strike" within the meaning of the three-strikes rule.

In his objection to the report and recommendation, plaintiff claims that he has petitioned the United States Supreme Court for a writ of certiorari from the Seventh

---

[1] Had the Court of Appeals done so, plaintiff would have accumulated his third "strike." *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) ("[appellate court] affirmance of a district court dismissal as frivolous counts as a single 'strike' . . . [and] dismissals as frivolous in the district courts or the court of appeals count for purposes of [§ 1915(g)]").

while incarcerated, plaintiff brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim. One of the actions relied upon was *Gregory Damm v. Joseph Koval, et al*, Civil Action No. 07-3129 (C.D.Ill.), where the district court dismissed plaintiff's claims for failure to state a claim upon which relief may be granted, and counted such dismissal as a "strike" pursuant to 28 U.S.C. § 1915(g). The district judge added that should plaintiff choose to appeal the dismissal and if the appeal is found to be non-meritorious, plaintiff may accumulate another Section 1915(g) "strike." Though the district court judge could not have known it at the time, his dismissal would prove to be the third and final "strike" for plaintiff.

Plaintiff did appeal the dismissal. And, on November 23, 2007, his appeal was dismissed by the Seventh Circuit Court of Appeals for failure to pay the required docketing fee. The Seventh Circuit neither affirmed the district court's dismissal nor dismissed the appeal as "non-meritorious" or frivolous.[1] Consequently, the Court of Appeals' dismissal did not constitute a "strike" within the meaning of the three-strikes rule.

In his objection to the report and recommendation, plaintiff claims that he has petitioned the United States Supreme Court for a writ of certiorari from the Seventh

---

[1] Had the Court of Appeals done so, plaintiff would have accumulated his third "strike." *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) ("[appellate court] affirmance of a district court dismissal as frivolous counts as a single 'strike' . . . [and] dismissals as frivolous in the district courts or the court of appeals count for purposes of [§ 1915(g)]").

Circuit's dismissal and, therefore, that the matter "is still being exhausted and doesn't count as a 'third strike'. . . ." (doc. 9, p.3). The court disagrees. Section 1915(g) references "an action or appeal in a court of the United States" and a petition for a writ of certiorari is neither. Unlike an action brought in a United States District Court or an appeal *of right* brought in a United States Court of Appeals, "[r]eview on a writ of certiorari [in the United States Supreme Court] is not a matter of right, but of judicial discretion." S.Ct. R. 10. Contrary to what plaintiff argues, this means that the matter has, in fact, been exhausted[2] and plaintiff has successfully accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g).[3]

Accordingly, this action shall be **DISMISSED**, without prejudice, for plaintiff's failure to pay the court's filing fee.

Baton Rouge, Louisiana, March 3, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] If, by some miracle, the United States Supreme Court were to grant plaintiff's writ application and reverse the Central District of Illinois' frivolous dismissal, that would nullify this third "strike." *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

[3] In his objection to the report and recommendation, plaintiff attempts to take advantage of § 1915's single exception by claiming that he "has already suffered serious physical injury, and imminent danger exists in the future too" (doc. 9, p. 4). This conclusory claim falls far short of fulfilling the exception.